McDOUGLE, CAMERON & WEBSTER v. PENNINGTON. (No. 7764.)

(Court of Civil Appeals of Texas. Dallas. April 21, 1917.)

1. SALES ⊜⟹201(7)—CONTRACTS—ACCEPTANCE OF DELIVERY.

Where a contract for the purchase of wood provided that, when the wood is delivered and ricked at the place selected, the buyer shall accept the same and pay the price agreed, title did not pass to the buyer until it accepted the wood, since the provision for acceptance contemplates the right to accept or reject, and when anything remains to be done between the parties in the sale of personalty before delivery can be made, the title does not pass.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 540.]

2. EXECUTION ⊜⟹194(3) — CLAIMS BY THIRD PERSONS—EVIDENCE—SUFFICIENCY.

In the statutory proceeding of the trial of the right of property concerning wood attached by defendant as the property of a third person, and claimed by plaintiff to have been delivered to it pursuant to a contract to purchase the wood from the third person, evidence *held* to sustain a jury finding that plaintiff refused to accept the wood when delivered pursuant to the agreement.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 571, 573, 574.]

3. APPEAL AND ERROR ⊜⟹1008(1)—REVIEW—FINDINGS.

The findings of the trial judge are treated by the appellate court as are the findings of the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955, 3969.]

Appeal from Rockwall County Court; J. W. Reese, Judge.

Proceeding by McDougle, Cameron & Webster, a corporation, against W. C. Pennington. Judgment for defendant, and plaintiff appeals. Affirmed.

Short & Feild, of Dallas, for appellant. A. H. Mount, of Dallas, for appellee.

RASBURY, J. This is an appeal from the judgment of the county judge awarding to appellee in the statutory proceeding of the trial of the right of property 66 cords of firewood.

Upon motion of appellant the trial judge

filed conclusions of fact, those material being in substance these: Aikin Thompson, joined by G. N. Davis, agreed in writing with appellant, a private corporation, on March 24, 1915, to "sell and convey" to the appellant 100 cords of wood delivered and ricked on the right of way of the Missouri, Kansas & Texas Railway Company at Royse, Tex. Appellant agreed to accept the wood as it was delivered and ricked and to pay therefor $3.25 per cord by crediting said Thompson for the amount on his indebtedness to appellant. Thompson at the time the contract was made had an arrangement with Davis to cut the wood from his land under the terms of which Davis was to have no interest in the wood after its delivery. The 66 cords of wood in controversy were delivered and ricked upon the right of way of the railroad company between July 15, 1915, and October 6, 1915. On December 4, 1915, just after a store owned by Aikin Thompson was destroyed by fire, an agent of appellant visited Royse, inspected the wood, refused to accept it, repudiated the contract, and demanded that appellant's debt be paid out of Thompson's fire insurance. On December 6, 1915, upon request of appellee, a constable of Rockwall county levied execution thereon issued upon a judgment recovered by appellee, Pennington, in the county court of Rockwall county against Aikin Thompson April 23, 1914, for $143.75, interest and costs, taking possession of same, his return showing the levy was on "about" 100 cords of wood. On December 16, 1915, appellant under the statutory proceeding of the trial of the right of property made claim to same. Appellant never measured, approved, or accepted the wood so delivered until after filing his oath and bond in this proceeding, at which time there was 66 cords of wood delivered, which was of an inferior character and worth only $2.16⅔ per cord.

Every fact found by the court necessary to sustain the judgment is challenged by appellant as being in effect without support in the evidence. Such being the situation, it becomes necessary for us to examine the evidence to ascertain whether there is deducible therefrom the facts found by the court. In that connection the court, upon the facts found by him, concluded as matter of law that, due to the repudiation by appellant's agent of the wood on December 4, 1915, the title to same was vested in Aikin Thompson when appellee caused execution to be levied thereon, December 6, 1915, and hence such levy fixed a lien thereon securing appellee's judgment. Such we understand to be the ground upon which the county judge placed his decision. The court's finding that appellant refused to accept the wood and repudiated the contract with Thompson rests upon the testimony of W. H. Adams, from which the following facts fairly appear: About December 1, 1915, in Royse, Mr. Morgan, connected with appellant corporation, approached Adams while in conversation with another and engaged him in conversation, inquiring if Adams had seen Aikin Thompson, who had promised him to pay appellant the debt he owed. Adams expressed surprise, stating that Thompson claimed that he had sold appellant the wood in controversy which paid his debt. Morgan said he would not accept the wood, but was going to have appellant's debt out of the insurance on Thompson's store, which had just been destroyed by fire, and that the wood was inferior. The policy of insurance had been assigned to the witness Adams, in security of a debt he had against Thompson, upon learning which Morgan indicated he would make Adams trouble by placing proceeds in bankruptcy, but that he would make it of interest for Adams to settle the matter out of the insurance money by turning over to Adams the wood and a mortgage on a house. Adams said he would consider the matter, if Thompson would transfer the wood, and agreed to go to Dallas on the following Wednesday and close the matter after seeing Thompson. Adams saw Thompson and virtually agreed with him on the basis suggested. Morgan denied making the statement to Adams that he would not accept the wood from Thompson or that he was looking to the insurance money for his debt. He admits, after learning that Thompson had assigned his insurance policy to Adams, telling Thompson that he would turn him back the wood if he would pay a certain amount, or his debt, out of the insurance money, and that all he said to Adams was to repeat his offer to Thompson. The full amount of the wood never was delivered, and the approximate value of that delivered was $2 per cord. The only measurement of the wood by appellant was after levy of execution.

[1] Appellant's first contention is that, when the wood was delivered, ricked upon the railway right of way, title passed automatically to it. We shall not attempt a discussion of the general rule and its variations on the subject of when the title passes to personal property, save to say that, when anything remains to be done between the parties in the sale of personalty before delivery can be made, the title does not pass. The general rule and its variations was fully and ably discussed in Cleveland v. Williams, 29 Tex. 208, 94 Am. Dec. 274. It is clear, it seems to us, that in the present case title did not pass to the wood upon the mere execution of the contract between Thompson and appellant. Everything remained to be done in order to place the wood in a deliverable condition. It had to be cut or sawed and delivered ricked on the right of way. But it is argued that it was so delivered. As much is conceded. Yet we do not believe the title passed even then. The contract recites that when the wood is de-

livered ricked at the place selected appellant shall accept same and pay the price agreed. This contemplates, in our opinion, the right to accept or reject same. Conceivably several conditions must exist which would justify appellant in rejecting the wood. Appellant agreed to pay $3.25 per cord for the wood. Impliedly the wood delivered would have to be reasonably worth the sum in the market. Appellant was entitled to ascertain by measurement the amount of the wood delivered before accepting it. It is true that the contract, which is but a brief memorandum, does not expressly provide the matters indicated. But it does say appellant shall, after delivery, accept same and pay the agreed price. If the contract does not mean what we say, there was no necessity of providing for acceptance after delivery. It was never contemplated by the agreement that appellant should pay $3.25 a cord for wood worth only $2 per cord; yet such would be the result in this proceeding if it should be held that title passed to appellant when the wood was delivered ricked on the railway right of way, since it is undisputed that the wood actually delivered by Aikin Thompson was of an inferior quality and worth only $2 per cord.

[2] What we have said brings us in natural order to the proposition that the evidence is insufficient to sustain the finding of the court that appellant refused to accept the wood. In favor of the conclusion of the court it appears negatively that appellant never in any manner affirmatively agreed to accept the wood until after the levy, coupled with the affirmative fact that its agent stated to Adams it would not accept it and had refused to do so. While it is true appellant's agent denied making such statement and offered a totally different and an entirely plausible version of the conversation, yet it was the function of the trial court to reconcile the conflict or adopt one of the versions and not ours.

[3] The findings of the trial judge, it is known, of course, on questions of fact, are treated by this court as are the findings of the jury.

For the reasons stated, it becomes our duty to affirm the judgment.

Affirmed.